# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BENJAMIN CUTSINGER,

    *Plaintiff,*

vs.

    Case No. 14-CV-1123-EFM-KMH

CITY OF DERBY, KANSAS,

    *Defendant.*

## MEMORANDUM AND ORDER

    Plaintiff Benjamin Cutsinger brought this pro se lawsuit for municipality liability alleging a violation of 42 U.S.C. § 1983 against defendant City of Derby, Kansas. Cutsinger alleges that his constitutional rights were violated during an interaction with a police officer in his apartment and in related municipal court and county court cases. Defendant City of Derby ("the City") moves for dismissal of the claims against it for failure to state a claim upon which relief can be granted. Because Cutsinger has failed to allege facts sufficient to state a plausible violation of 42 U.S.C. § 1983, the Court grants Defendant's motion.

### I.    Factual and Procedural Background

    Cutsinger's Complaint presents the following facts. After being booked into and released from jail, Cutsinger enlisted a taxi to return him to his Derby apartment. Because the Derby jail withheld Cutsinger's belongings, Cutsinger arranged to pay his cab fare in the morning. The

following morning, a Derby police officer woke Cutsinger with loud knocking. The officer entered Cutsinger's apartment, drew his weapon, and repeatedly shouted Cutsinger's name. Cutsinger left his bedroom to meet the officer. On seeing Cutsinger, the officer lowered his weapon and told Cutsinger that the taxi driver was outside awaiting payment. Cutsinger then paid the taxi driver, and the officer left. The officer never mentioned a search warrant.

Cutsinger's Complaint generally sets forth alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights. More specifically, Cutsinger alleges that the City conducted a warrantless search of his apartment, violated his due process rights, and caused him emotional distress that may adversely affect his health. Without elaboration, Cutsinger also offers a Derby Municipal Court case and a Sedgwick County District Court case as infringing his civil rights. Defendant City of Derby filed a motion to dismiss, arguing that Cutsinger failed to state a plausible claim that would entitle him to relief.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[7]

### III.  Analysis

The City asserts that Cutsinger's Complaint, among other deficiencies, does not contain any claim that attributes his alleged injuries to an unconstitutional custom, practice, or policy of the City as required by 42 U.S.C. § 1983. Cutsinger responded to the City's motion. Asking the Court to deny the City's Motion to Dismiss, Cutsinger argued, in part, that he corrected the lack of detail in the Complaint by filing supporting documents that present sufficient facts to state a plausible claim for relief.

Although Cutsinger's pro se pleadings do not refer to a specific cause of action, it is clear that his suit comes before the Court pursuant to 42 U.S.C. § 1983.[8] Section 1983 states, in

---

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678–79.

[6] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citing *Twombly*, 566 U.S. at 556)).

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f a court can reasonably read the [pro se] pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

relevant part, that "[e]very person who under color of [law] subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."[9] A municipality may be sued as a "person" under § 1983.[10] But a municipality is never liable under § 1983 merely for the acts of its employees.[11] Instead, plaintiffs must establish that the municipality's unconstitutional policy or custom caused the constitutional deprivation.[12] A plaintiff may show that such a policy or custom exists through (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused.[13]

The Court agrees with the City that Cutsinger has failed to allege facts sufficient to show that the City is liable under § 1983 for any deprivation of Cutsinger's federal rights. Cutsinger has filed this action against the City of Derby, not the individual officer.[14] Therefore, to survive the present motion to dismiss, Cutsinger must have alleged in his Complaint and supporting documents facts sufficient for this Court to reasonably infer that (1) the City implemented or

---

[9] 42 U.S.C. § 1983.

[10] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[11] *See id.* at 691 ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

[12] *See id.* at 690, 694.

[13] *See Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1188–89 (10th Cir. 2010).

[14] Absent an allegation that the City's policy or custom caused the constitutional deprivation, the proper procedure would be to sue the officer in his personal capacity. Personal-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). A personal-capacity suit does not require the plaintiff to establish a connection to governmental policy or custom. *Id.* To establish personal liability in a § 1983 action, "it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right." *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

executed policies or customs that led directly to the officer's allegedly unreasonable conduct, and (2) such policies or customs have a direct causal relationship with Cutsinger's alleged injury.[15] Cutsinger's allegations do not permit the Court to make the necessary inferences. Cutsinger provides no factual allegations that the City made any policy, custom, or decision that infringed upon a federally protected right. Cutsinger makes no factual allegations that the City failed to adequately train or supervise the police officer that visited Cutsinger's home. Instead, Cutsinger admits that he "is not contesting a certain policy or custom already in place."[16] Cutsinger is right that the supporting documents he provides operate to clarify his claims.[17] But the supporting documents do not provide a basis for the Court to reasonably infer that *the City* is liable under § 1983 for the constitutional and civil rights violations Cutsinger alleges. Consequently, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.[18]

---

[15] *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

[16] Plaintiff's Response to Defendant's Motion to Dismiss, Doc. 17, p. 3.

[17] Cutsinger provides three supporting documents: (1) a handwritten letter alleging, without explanation, the violation of his civil rights in two district court cases; (2) a typed letter providing a more detailed factual account of the incident with a Derby police officer at his apartment; and (3) a copy of the "Police Event Detail" briefly chronicling the call for and dispatch of an officer to Cutsinger's apartment.

[18] *See Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

**IT IS THEREFORE ORDERED** that Defendant City of Derby's Motion to Dismiss (Doc. 15) is hereby **GRANTED.**

**IT IS SO ORDERED**.

Dated this 10th day of September, 2014.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE